**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCKET MORTGAGE, LLC, f/k/a
QUICKEN LOANS, LLC,
a Michigan limited liability company,

Plaintiff,

v.

PEOPLES HOME LOANS, INC.,
a Rhode Island corporation, RONALD A. RICCI,
an individual, and JAROD D. DISANTO, an
individual.

Defendants.

Case No.
Hon.
Magistrate:

---

**COMPLAINT**

NOW COMES Plaintiff, ROCKET MORTGAGE, LLC f/k/a QUICKEN LOANS, LLC [1] ("Rocket Mortgage" or "Plaintiff"), by and through its undersigned counsel, MADDIN, HAUSER, ROTH, & HELLER, P.C., and for its Complaint against PEOPLES HOME LOANS, INC. ("Broker"), RONALD A. RICCI ("Ricci"), and JAROD D. DISANTO ("DiSanto") (Broker, Ricci, and Disanto may collectively be referred to as "Defendants"), states as follows:

[1] Quicken Loans Inc. converted to Quicken Loans, LLC on 4/5/2020. Quicken Loans, LLC then changed its name to Rocket Mortgage, LLC effective 7/31/2021.

## PARTIES, JURISDICTION AND VENUE

1. Rocket Mortgage is a Michigan limited liability company. Rocket Mortgage's sole member is Rocket Limited Partnership, a Michigan limited partnership. Rocket Limited Partnership's only partners are Rocket GP, LLC, a Michigan limited liability company, and Rocket LP, LLC, a Michigan limited liability company. Rocket Companies, Inc., a Delaware corporation with its principal place of business located in Detroit, Michigan, is the sole member of both Rocket GP, LLC and of Rocket LP, LLC. Therefore, Rocket Mortgage is deemed a citizen of Delaware and Michigan, only, for purposes of diversity jurisdiction.

2. Broker is a Rhode Island corporation with a principal place of business in Rhode Island. Therefore, Broker is deemed a citizen of Rhode Island, only, for purposes of diversity jurisdiction.

3. Defendant Ricci is an individual who, upon information and belief, is domiciled in Rhode Island. Therefore, Ricci is deemed a citizen of Rhode Island, only, for purposes of diversity jurisdiction.

4. Defendant DiSanto is an individual who, upon information and belief, is domiciled in Rhode Island. Therefore, DiSanto is deemed a citizen of Rhode Island, only, for purposes of diversity jurisdiction.

5. The subject Broker Agreement dated October 8, 2020 between Broker and Rocket Mortgage (**Exhibit A**, "the Agreement") contains the following provision:

> **10.12. GOVERNING LAW; JURISDICTION**. This Agreement shall be governed by, and construed and enforced in accordance with, applicable federal law and the laws of the State of Michigan. Any action arising out of this Agreement or the transactions contemplated hereby may be instituted in any state or federal court located in the State of Michigan. Further, each party expressly waives any objection which such party may have to the laying of venue of any such action, and irrevocably submits to the jurisdiction of any such court and agrees to be fully bound by any final unappealed decision of those courts.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000.00.

7. This Court has general personal jurisdiction over Broker because it has consented to the jurisdiction of this Court by virtue of Section 10.12 of the Agreement. Mich. Comp. Laws § 600.711(2).

8. This Court also has specific personal jurisdiction over Defendants because they transacted business in Michigan in connection with the transactions described in this Complaint, caused acts to be done and consequences to occur in Michigan resulting in an action for tort, and otherwise have constitutionally sufficient minimum contacts with the State of Michigan. Mich. Comp. Laws § 600.705(1)-(2), and (5); Mich. Comp. Laws § 600.715(1)-(2), and (5).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Eastern District of Michigan is a judicial district in which a substantial part of the events or omissions giving rise to Rocket Mortgage's claim occurred, and by virtue of Section 10.12 of the Agreement.

## GENERAL ALLEGATIONS

10. On October 8, 2020, Broker submitted a Wholesale Application in order to apply for the opportunity to submit loan applications to Rocket Mortgage for funding. **Exhibit B**, Wholesale Application.

11. Thereafter, and based in part on the Broker's representations, warranties, and attestations in the Wholesale Application, Rocket Mortgage and Broker entered into the valid and binding Agreement pursuant to which Broker agreed to "perform origination services and submit loan application packages" to Rocket Mortgage for loans secured by residential real property, from time to time. **Exhibit A**, Agreement, Recitals p. 1.

12. Ricci signed the Agreement on behalf of Broker. **Exhibit A**, at p. 19.

13. Pursuant to the Agreement, Broker submitted the following loan applications ("the Applications") to Rocket Mortgage and, in reliance on the loan Applications, Rocket Mortgage funded the following two loans (collectively, "the Loans"):

| Loan Number | Closing Date | Original Loan Amount |
|---|---|---|
| xxxxxx3609 | 11/03/2022 | $764,797 |
| xxxxxx0675 | 01/27/2023 | $617,405 |

14. In the Agreement, Broker agreed that "Each Application submitted to Lender shall be subject to strict compliance with (i) the terms and conditions contained in this Agreement, (ii) the Broker Guide, and (iii) any other communications, announcements or guidelines provided by Lender to Broker from time to time." **Exhibit A**, Section 2.2.

15. Section 2.3 of the Agreement placed several origination-related responsibilities on Broker, including the following:

> **2.3. PERFORMANCE OF BROKER SERVICES.** In addition to taking the information from Applicant, completing and compiling the Application, and providing and explaining the broker disclosure(s), Broker shall, for every loan, perform services, including but not limited to:
>
> (a) analyzing the Applicant's income and debt and pr-qualifying the prospective Applicant to determine the maximum loan amount that the prospective Applicant can afford;
>
> ***
>
> (c) collecting financial information (e.g., tax returns, bank statements) and other related documents that are part of the application process;
>
> (d) initiating/ordering verifications of employment (VOEs) and verifications of deposits (VODs);

16. The Agreement further required that Broker "shall be responsible for all communications with Applicants," and shall conduct its business in conformance with all applicable laws. **Exhibit A**, Sections 2.5 and 4.4.

17. As to each individual Loan, Broker further represented and warranted that it would not submit any Applications containing false, misrepresented, inaccurate, or otherwise fraudulent information, including in the below-referenced sections:

> **4.7. FRAUD.** Broker shall not submit any Application or related documents containing false or misrepresented information. Broker shall be responsible for all actions taken in the course of its performance of its obligations under this Agreement, whether performed by Broker, its employees or licensees, or the Applicant, or any other third party retained by or controlled by Broker or Applicant (other than affiliates of Lender) involved in the origination of the mortgage loan. Broker understands and agrees that in the event Lender reasonably believes misrepresentations or fraud generated either through the Broker (by any Applicant or third party), by the Broker, or with the Broker's knowledge exist in an Application or any related documents, Lender may report such misrepresentation or fraud to the appropriate state and federal regulatory authorities, law enforcement agencies, and fraud databases. Broker acknowledges the importance of Lender's right and necessity to disclose such information. Broker waives any and all claims for liability, damages and equitable or administrative relief in connection with Lender's disclosure of such information.
>
> **4.8. NO UNTRUE OR MISLEADING STATEMENTS.** No representation, warranty or written statement made by Broker to Lender in this Agreement or in any schedule, written statement or document furnished to Lender in connection with the transactions contemplated hereby contains or will contain any untrue statement of a material fact or omits or will omit to state a material fact necessary to make the statements contained herein or therein not misleading.

**5.3 FRAUD.** Broker shall not submit any Application or related documents containing false or misrepresented information. Broker shall be responsible for all actions taken in the course of its performance of its obligations under this Agreement, whether performed by Broker, its employees or licensees, or the Applicant, or any other third party retained by or controlled by Broker or Applicant (other than affiliates of Lender) involved in the origination of the mortgage loan. Broker understands and agrees that in the event Lender reasonably believes misrepresentations or fraud generated either through the Broker (by any Applicant or third party), by the Broker, or with the Broker's knowledge exist in an Application or any related documents, Lender may report such misrepresentation or fraud to the appropriate state and federal regulatory authorities, law enforcement agencies, and fraud databases. Broker acknowledges the importance of Lender's right and necessity to disclose such information. Broker waives any and all claims for liability, damages and equitable or administrative relief in connection with Lender's disclosure of such information.

**5.4. FACTUAL DISCLOSURE.** All facts relating to any Application and/or related mortgage loan transaction which are known or should be known to Broker which may adversely affect the value of the mortgaged property, the credit, character or capacity of the Applicant, the validity of the mortgage, or any other aspect of the transaction have been disclosed in writing to Lender.

(collectively, "the Loan-Level Representations and Warranties").

18. The Agreement clearly and unambiguously states, including by virtue of the above Loan-Level Representations and Warranties, that Broker is responsible for any misrepresentations or other fraudulent conduct in connection with an Application, regardless of whether the fraud was committed by the Broker, the Applicant, and/or a third party employed, retained or controlled by Broker.

19. The Agreement further required Broker to perform its obligations to Rocket Mortgage in good faith: "The parties hereto agree to deal in good faith with each other at all times." **Exhibit A**, Section 10.15.

20. Broker failed to perform its services under the Agreement in good faith and in conformance with applicable laws and materially breached its contractual obligations and duties, including but not limited to the Loan Level Representations and Warranties.

21. More specifically, Rocket Mortgage and its investors discovered after the closing of the Loans that Broker, with full knowledge and active participation by Ricci and DiSanto, submitted Loan Applications that misrepresented the borrowers' income, assets and employment status and supported these fraudulent loan Applications with documents that were misleading, untrue, fabricated, altered and otherwise fraudulent.

22. For example, Broker, with the full knowledge, approval, and active participation of Ricci and DiSanto, submitted fabricated, misleading, and/or untrue information and documents in support of borrowers' employment, earnings, and assets.

23. Broker, with the full knowledge, approval, and active participation of Ricci and DiSanto, engaged in this conduct knowingly, willfully, and/or with specific and malicious intent to defraud Rocket Mortgage and induce it to fund the

Loans or, in the alternative, Broker acted recklessly, negligently, and/or submitted false, misrepresented, untrue, misleading, and otherwise fraudulent information to Rocket Mortgage.

24. Ricci and DiSanto personally and actively participated in this fraud scheme and therefore have personal liability to Rocket Mortgage in tort and otherwise.

25. Defendants' acts and omissions as described herein were done in bad faith.

26. Broker's material breaches of the Agreement and breach of the duty of good faith and fair dealing it owed to Rocket Mortgage entitle Rocket Mortgage to exercise its rights and remedies under the Agreement, which include the right to force Broker to repurchase a non-conforming Loan at the "Repurchase Price" (as that term is defined in Section 6 of the Agreement) and for all other damages and other relief Rocket Mortgage is entitled to under the Agreement and applicable law.

27. Section 8 of the Agreement further requires that Broker indemnify and hold Rocket Mortgage harmless in connection with its material breaches of the Agreement, including but not limited to attorney fees that Rocket Mortgage has incurred and will continue to incur.

28. The Agreement, by virtue of Section 8 and otherwise, constitutes a valid and binding express contract of indemnity between Rocket Mortgage and Broker.

29. Rocket Mortgage previously provided written notice(s) to Broker of its breaches and demanded that Broker repurchase the affected Loans and otherwise indemnify and hold Rocket Mortgage harmless against all losses, damages, and other liabilities.

30. Despite that notice, Broker has willfully failed and/or refused to honor the terms of the Agreement.

31. Defendants' acts and omissions, violations of duty, material breaches of the Agreement, and otherwise fraudulent conduct have proximately caused Rocket Mortgage damages, including but not limited to interfering with Rocket Mortgage's relationships with third-party investors, forcing Rocket Mortgage to repurchase all of the Loans due to demands by the Loans' investors, paying Broker compensation and fees on Loans that were originated in violation of the Agreement, and/or forcing Rocket Mortgage to suffer losses on re-sales of the Loans on the secondary market due to the defects created by Defendants' material breaches of contract and fraud.

32. Defendants' conduct has caused Rocket Mortgage to suffer a loss in reputation as a skilled company and, considering the clear, malicious, and willful fraud that occurred in this case, exemplary damages are appropriate against the Defendants.

33. Rocket Mortgage, at all times, complied with the terms of the Agreement and otherwise acted in good faith and in a commercially reasonable manner, including to mitigate its damages.

**COUNT I - BREACH OF CONTRACT BY BROKER**

34. Rocket Mortgage incorporates by reference all previous paragraphs as if fully set forth herein.

35. The Agreement is a valid and binding contract between Rocket Mortgage and Broker.

36. Rocket Mortgage fully and adequately performed its obligations under the Agreement.

37. Broker materially breached its obligations under the Agreement as set forth herein, including but not limited to by breaching the Loan-Level Representations and Warranties, by submitting Applications to Rocket Mortgage that misrepresented the Applicant's income, assets and employment, and by submitting documents in support of the Applications, such as pay stubs, that were misleading, untrue, fabricated, altered, and otherwise fraudulent.

38. Rocket Mortgage has given Broker written notice of its material breaches in accordance with the Agreement, but Broker has failed and/or refused to remedy same or to honor its obligations to repurchase the Loans and indemnify and hold Rocket Mortgage harmless against its losses.

39. As a direct and proximate result of Broker's material breaches, Rocket Mortgage has suffered and continues to suffer damages.

WHEREFORE, Rocket Mortgage respectfully requests judgment against Broker on Count I of this Complaint in an amount exceeding $75,000.00, together with interest, costs, exemplary damages, and attorney fees and all other relief in Rocket Mortgage's favor that the Court deems just and equitable under the circumstances.

## COUNT II – BREACH OF EXPRESS INDEMNITY AGREEMENT BY BROKER

40. Rocket Mortgage incorporates all previous allegations as if fully restated herein.

41. Rocket Mortgage and Broker entered into a valid and binding indemnification agreement.

42. Broker agreed to indemnify and hold Rocket Mortgage harmless against, among other things, damages sustained by Rocket Mortgage due to Broker's breaches of the Agreement and other acts, events, and occurrences, as more fully set forth in Section 8 of the Agreement.

43. By committing material breaches and violating its duty of good faith and fair dealing in connection with its performance under the Agreement, and by refusing to indemnify and hold Rocket Mortgage harmless for damages sustained

despite demand, Broker has materially breached the express indemnification agreement.

44. As a direct and proximate result of Broker's material breaches of the express indemnification agreement, Rocket Mortgage has suffered and continues to suffer damages.

WHEREFORE, Rocket Mortgage respectfully requests judgment against Broker on Count II of this Complaint in an amount exceeding $75,000.00, together with interest, costs, exemplary damages, and attorney fees and all other relief in Rocket Mortgage's favor that the Court deems just and equitable under the circumstances.

## **COUNT III – FRAUD IN THE INDUCEMENT BY BROKER**

45. Rocket Mortgage incorporates by reference all previous paragraphs as if fully set forth herein.

46. Broker owed Rocket Mortgage a duty not to defraud, mislead, or otherwise intentionally deceive Rocket Mortgage and, under the circumstances presented, not to misrepresent its future conduct regarding the submission of loans to Rocket Mortgage for funding.

47. Broker violated its duties, (i) on the dates and at the time the applications and other documents relating to the Loans were submitted, (ii) on the date the Broker submitted its Wholesale Application to be part of Rocket Mortgage's

program (**Exhibit B,** Wholesale Application), and (iii) on the date the Agreement was executed, by maliciously, deliberately, recklessly, and/or willfully making false material representations of its future conduct and intentions with respect to, among other things, Broker's compliance with applicable law and investor quality control guidelines for responsible lending, submission of false, untrue, misleading or misrepresented information and statements, ability to perform, the borrowers' income and employment, and the nature and quality of originated loans.

48. These misrepresentations included false statements in the Questionnaire section of Broker's Wholesale Application, including but not limited to, the attestation that Broker follows "the recommended quality control guidelines for responsible lending of either Fannie Mae or Freddie Mac" and that Broker had "an Anti-Money Laundering Program in place."

49. Broker made these misrepresentations with knowledge of their falsity, or recklessly without knowledge of their truth, as positive assertions, and with specific intent that Rocket Mortgage would rely upon said misrepresentations by funding loans submitted by Broker, including the Loans.

50. Rocket Mortgage reasonably and justifiably relied upon these misrepresentations to its detriment, including by allowing Broker to submit loans to Rocket Mortgage for funding, including the Loans.

51. Broker's misrepresentations have proximately caused Rocket Mortgage to sustain and to continue to sustain damages.

WHEREFORE, Rocket Mortgage respectfully requests judgment against Broker on Count III of this Complaint in an amount exceeding $75,000.00, together with interest, costs, exemplary damages, and attorney fees and all other relief in Rocket Mortgage's favor that the Court deems just and equitable under the circumstances.

## COUNT IV – FRAUD AGAINST DEFENDANTS RICCI AND DISANTO

52. Rocket Mortgage incorporates by reference all previous paragraphs as if fully set forth herein.

53. With respect to each of the Loans, Ricci and DiSanto committed fraud including by, on the dates and at the time the Applications and other documents relating to the Loans were submitted, maliciously, deliberately, recklessly, and/or willfully making false material representations of fact with respect to, among other things, the borrowers' qualifying income, assets, and employment and, as to Ricci, by making false material representations on the Broker's Wholesale Application.

54. Ricci and DiSanto made these misrepresentations with knowledge of their falsity, or recklessly without knowledge of their truth, as positive assertions, and with specific intent that Rocket Mortgage would rely upon said misrepresentations by funding the Loans.

55. Rocket Mortgage reasonably and justifiably relied upon these misrepresentations to its detriment, including by funding the Loans.

56. Ricci's and DiSanto's misrepresentations have proximately caused Rocket Mortgage to sustain and to continue to sustain damages.

WHEREFORE, Rocket Mortgage respectfully requests judgment against Ricci and DiSanto on Count IV of this Complaint in an amount exceeding $75,000.00, together with interest, costs, exemplary damages, and attorney fees and all other relief in Rocket Mortgage's favor that the Court deems just and equitable under the circumstances.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

By: */s/ Matthew Mitchell*_________________
Matthew Mitchell (P69810)
One Towne Square
Fifth Floor
Southfield, MI 48076
(248) 827-1874
mmitchell@maddinhauser.com
*Attorneys for Rocket Mortgage, LLC*

Dated: September 22, 2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROCKET MORTGAGE, LLC, f/k/a QUICKEN LOANS, LLC

**(b)** County of Residence of First Listed Plaintiff: Wayne, Michigan
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew Mitchell (P69810) Maddin Hauser Roth & Heller, PC
One Towne Square, Fifth Floor, Southfield, MI 48076
(248) 827-1874

## DEFENDANTS

PEOPLES HOME LOANS, INC., RONALD A. RICCI, and JAROD D. DISANTO

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332

Brief description of cause:
Breach of contract

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Greater than $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: September 22, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew Mitchell

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______